THE STATE EX REL. SCHRICHTEN, APPELLEE AND CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as *State ex rel. Schrichten v. Indus. Comm.* (2000), 90 Ohio St.3d 436.]

(No. 99-910—Submitted October 10, 2000—Decided December 27, 2000.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellee and cross-appellant Marvin Schrichten.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellant and cross-appellee Industrial Commission.

*Tatgenhorst & Bruestle* and *Eric G. Bruestle,* for appellant and cross-appellee General Motors Corporation.

---

***Per Curiam.*** Claimant proposes that the requested medical treatment was related to conditions implicitly allowed by the self-insured employer via GMC's payment of bills and authorization of surgery in 1978. The Industrial Commission and GMC disagree, and further state that the court of appeals erred in ordering the commission to reconsider claimant's application. We agree with the Industrial Commission and GMC.

Claimant's argument was recently rejected by *State ex rel. Griffith v. Indus. Comm.* (1999), 87 Ohio St.3d 154, 156, 718 N.E.2d 423, 425. There, we wrote:

"Griffith next argues that Rubbermaid certified her arthritic condition as part of her claim by authorizing and paying for her knee surgery. She relies on *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, and *Garrett v. Jeep Corp.* (1991), 77 Ohio App.3d 402, 602 N.E.2d 691; however, the courts in those cases did not find the employers responsible for the claimants' additionally alleged conditions just because the employers authorized and paid for medical treatment. Rather, those employers were held accountable because they had explicitly acknowledged and certified the additional condition on C–174 forms designed, in part, to inform BWC about compensable conditions in their claims. * * * Rubbermaid has made no such explicit concessions. Thus, we hold that Rubbermaid did not allow Griffith's arthritic condition under *Baker* or *Garrett*."

No such explicit concession exists here either. C–174s on file consistently list lumbosacral strain as the only allowed condition.

Moreover, the surgery and bill payment reports that claimant cites never mentioned degenerative disc disease, so there could be no payment or authorization of treatment for it. The condition was not initially raised until the applica-

tion to reactivate the claim based on McMaster's 1996 reports—eighteen years after the surgery.

The holding in *Griffith* also invalidates the court of appeals' finding that "herniated nucleus pulpos[u]s with associated radiculopathy" was allowed in this claim by GMC's bill payment. There is thus no need for further consideration of the relationship of claimant's degenerative disc disease to his HNP. Since the latter has not been allowed in this claim, its relationship to claimant's degenerative condition is irrelevant.

Accordingly, we affirm the denial of a writ ordering reactivation of the claim, and authorization of treatment. We reverse those portions of the court of appeals' judgment that (1) found HNP to be an allowed condition and (2) ordered the commission to reconsider its decision.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent and would affirm the judgment of the court of appeals.